Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Alan Kassan – State Bar No. 113864
 E-mail: akassan@kantorlaw.net
Zoya Yarnykh – State Bar No. 258062
 E-mail: zyarnykh@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
MAI LAM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MAI LAM,<br><br>          Plaintiff,<br><br>     vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>          Defendant. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Mai Lam, herein sets forth the allegations of her Complaint against Defendant The Prudential Insurance Company of America.

### PRELIMINARY ALLEGATIONS

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan.  Plaintiff seeks relief, including but not limited to, payment of the correct amount of benefits due her under her plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, including Waiver of Premium, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, was an employee of National General Insurance at the time that her disability claim arose under the National General Management Corp. Long Term Disability Insurance Plan ("the Plan"), which is insured and administered by Defendant.  The Plan was administered, and the breach took place, in part, in Fountain Valley, California.

3. Defendant The Prudential Insurance Company of America ("Prudential") is a corporation with its principal place of business in the State of North Carolina, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4. Prudential is the insurer of benefits under the Plan, Policy Number 50345 and acted in the capacity of the Plan insurer. The Plan Sponsor was National General Management Corp.

5. Plaintiff is informed and believes that Policy Number 50345 was issued with the intent to provide long term disability ("LTD") coverage and waiver of premium ("WOP") coverage to residents of the State of California.

**FIRST CLAIM FOR RELIEF**
**(29 U.S.C. § 1132(a)(1)(B))**

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by National General Insurance, and was a covered participant under the terms and conditions of the Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff became unable to perform her job duties as an Associate Actuary due to inability to sit due to Tarlov cysts which caused nerve irritation, rendering Plaintiff disabled as of August 8, 2017, as defined under the terms of the Plan.

9. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Prudential for LTD benefits under the Plan. Prudential assigned Plaintiff Claim No.: 12356030 for LTD benefits and Claim No.: 11847168 for WOP benefits. Prudential approved Plaintiff's claim on November 21, 2018, under the "own occupation" standard of disability, and subsequently approved her claim under the "any occupation" standard of disability on November 4, 2019. However, Prudential terminated benefits effective April 30, 2021, alleging that Plaintiff could perform several alternative occupations (however, one of those "alternative" occupations was Plaintiff's own occupation of Associate Actuary.) Plaintiff timely appealed and provided compelling evidence of disability. Prudential denied the appeal for LTD benefits on June 9, 2022, and for WOP benefits on June 8, 2022.

10. Defendant has breached the Plan and violated ERISA in the following respects:

(a) Prudential failed to pay LTD benefit payments to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

(b) Prudential failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of Plaintiff's claims for LTD benefits and WOP benefits;

(c) Prudential failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

(d) Prudential failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

11. Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

12. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

13. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD and WOP claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

14. The wrongful conduct of Prudential has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due to Plaintiff;

2. An order declaring that Plaintiff is entitled to an award of LTD benefits and WOP benefits, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claims to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 19, 2022                    KANTOR & KANTOR, LLP

By:   */s/ Alan Kassan*
      Alan Kassan
      Attorneys for Plaintiff,
      MAI LAM